IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA
FRESNO DIVISION

| | |
|---|---|
| Alex Lamota Marti, ) | |
| ) | |
| Plaintiff, ) | CASE NO.: 1:07-CV-00066 JMR |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| F. Padilla, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

Pending before the court in the above-entitled matter are numerous motions filed by both parties, each of which will be discussed in turn.

Plaintiff filed a Motion for Entry of Default against Defendant Boos-Emma on October 21, 2008, which motion was granted on October 27, 2008. Now Defendant Boos-Emma has filed a Motion to Set Aside Default (Doc. No. 66), while Plaintiff has filed a Motion for Default Judgment (Doc. No. 65). Defendant Boos-Emma originally executed a waiver of service of summons but did not know she needed to request representation from the Office of the Attorney General in order to be represented. A default may be set aside for good cause under Fed. R. Civ. P. 55(c), and a court has especially broad discretion in this area. *See Mendoza v. Wight Vineyard Management*, 783 F.2d 941, 945 (9th Cir. 1986). In this instance, good cause exists to set aside the default. Moreover, no prejudice will result to Plaintiff, and Defendant has shown a defense that might make the result at trial different from that reached by default here. *See Franchise Holding II, LLC v. Huntington Restaurants Group, Inc.*, 375 F.3d 922, 926 (9th Cir. 2004). Accordingly, Defendant Boos-Emma's Motion to Set Aside Default (Doc. No. 66) is **GRANTED**, and Plaintiff's Motion for Default Judgment (Doc. No. 65) is **DENIED**. Also pending in connection with this particular dispute is

Plaintiff's Motion to Strike Defendant Boos-Emma's Declaration (Doc. No. 82). This motion is completely without merit and is **DENIED** as **MOOT**. Furthermore, as the court needs no oral argument to decide the matter, Plaintiff's Motion for Hearing and Oral Argument (Doc. No. 83) is **DENIED**.

Also pending before the Court are Plaintiff's motions to extend the time to reply to Defendant's Opposition to Plaintiff's Motion to Strike Answer (Doc. No. 85) and Defendant's Motion to Set Aside Default of Defendant Gardner (Doc. No. 86). Both of Plaintiff's extension motions are **GRANTED**. Plaintiff shall have until **January 4, 2009** to file a reply as to the answer dispute, and he shall have until **January 19, 2009** to file a reply as to the motion seeking to set aside the default of Defendant Gardner.

DATED this 23rd day of December, 2008.

_____
John M. Roll
Chief United States District Judge