# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA
# FRESNO DIVISION

| | | |
|---|---|---|
| Alex Lamota Marti, | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO.: 1:07-CV-00066 JMR |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| F. Padilla, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Pending before the court in the above-entitled matter are numerous motions filed by both parties, each of which will be discussed in turn.

Plaintiff filed a Motion to Strike Defendants' Answer (Doc. No. 56) on September 26, 2008, and a Motion to Strike Defendant McGuire's Answer on December 18, 2008 (Doc. No. 91). These motions are **DENIED**, as Defendants' answers are legally sufficient. To the extent that they contain insignificant oversights or grammatical errors the Court hereby grants leave to amend. To the extent Defendants have already filed amended answers to correct to any errors, the Court hereby orders that those amended answers be filed (*see* Doc. No. 79, Exhibit A., for purposes of filing the amended answer).

Defendant Gardner filed a Motion to Set Aside Default (Doc. No. 84) on December 5, 2008, and an Amended Motion to Set Aside Default (Doc. No. 101) on January 21, 2009. The first motion will now be **DISMISSED** as **MOOT** and the amended motion will be

**GRANTED**.  A default may be set aside for good cause under Fed. R. Civ. P. 55(c), and a court has especially broad discretion in this area.  *See Mendoza v. Wight Vineyard Management*, 783 F.2d 941, 945 (9th Cir. 1986).  In this instance, good cause exists to set aside the default, as counsel inadvertently left Gardner's name off the original answer caption.  Moreover, no prejudice will result to Plaintiff, and Defendant has shown a defense that might make the result at trial different from that reached by default here.  *See Franchise Holding II, LLC v. Huntington Restaurants Group, Inc.*, 375 F.3d 922, 926 (9th Cir. 2004).  Plaintiff's Motion for Default (Doc. No. 98) as to Defendant Gardner is therefore **DENIED**.

Plaintiff filed a Motion to Compel Defendants to Produce Documents (Doc. No. 95) on January 5, 2009. The discovery and scheduling order filed in this matter noted that "[r]esponses to written discovery requests shall be due forty-five (45) days after the request is first served."  Defendants appear to have missed the deadline.  Plaintiff's Motion to Compel (Doc. No. 95) is therefore **GRANTED**.  Defendants must respond to Plaintiff's request by **February 27, 2009** or request an extension, for which good cause will be required.

Plaintiff also filed a Motion for Sanctions (Doc. No. 94) in connection with his motion to compel.  As Plaintiff undoubtedly already knows, because he was so informed in an earlier order, the Court's power to impose sanctions is broad but not without limits.  *Mendez v. County of San Bernardino*, 540 F.3d 1109, 1131 (9th Cir. 2008).  Furthermore, before awarding sanctions a court "must make an explicit finding" that the conduct complained of "constituted or was tantamount to bad faith."  *Id.* at 1132 (internal quotation marks and citations omitted).  This bad faith requirement "sets a high threshold." *Id.* (internal quotation

marks and citations omitted).  Bad faith conduct is not present here on the facts presented, and thus Plaintiff's Motion for Sanctions (Doc. No. 94) is **DENIED**.

DATED this 2nd day of February, 2009.

_____
John M. Roll
Chief United States District Judge