# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Alex Lamota Marti, | Case No.: 1:07-CV-00066-JMR |
| Plaintiff, | **ORDER** |
| vs. | |
| F. Padilla, et al., | |
| Defendants. | |

Pending is Defendants' Motion to Dismiss Misjoined Defendants and Sever Claims (Doc. #149) filed November 20, 2009. For the reasons stated below, Defendants' motion is denied without prejudice to refiling at a point in time closer to trial. Furthermore, the stay on the filing deadline for Defendants' motion for summary judgment is lifted.

**I. Defendants' Motion to Dismiss Misjoined Defendants and Sever Claims**

In their motion, Defendants' move to dismiss misjoined defendants or sever the claims against them under Rule 21 of the Federal Rules of Civil Procedure. Rule 21 states:

> Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party.

Defendants claim that certain Defendants and groups of Defendants are misjoined in this action because the claims Plaintiff alleges against them do not "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences" and because there is no

1  "question of law or fact common to all defendants . . . in the action," as is required for
2  permissive joinder of defendants under FED. R. CIV. P. 20(a)(2).

3  Defendants' motion is denied without prejudice to Defendants refiling their motion
4  at a point in time closer to trial for two reasons.  First, dismissal of misjoined Defendants
5  without prejudice would cause unfair prejudice to Plaintiff's substantial rights and produce
6  a harsh result under the applicable statute of limitations.  As noted by Plaintiff in his
7  opposition to Defendants' motion, the two year statute of limitations on Plaintiff's claims has
8  run. Dismissal of misjoined Defendants without prejudice would in effect be the equivalent
9  of dismissal with prejudice, as Plaintiff would be barred from refiling his claims under the
10 applicable statute of limitations.  This result would contradict Rule 21 which states that
11 "[m]isjoinder of parties is not a ground for dismissing an action" and that a court may drop
12 a party only on "just terms."

13 Second, severing claims against misjoined Defendants would be premature at this
14 stage in the proceedings.  Defendants have yet to file their motion for summary judgment and
15 the final claims and parties that will be at issue at trial have yet to be determined.  If, after
16 all discovery issues and dispositive motions have been decided, Defendants believe that a
17 single trial would be prejudicial, they may refile their motion to sever and move the Court
18 to order separate trials in the interest of justice.

19 For the reasons stated above, Defendants' motion is denied without prejudice.

20 **II. Defendants' Motion for Summary Judgment and Plaintiff's Motions to Compel**

21 Now that Defendants' Motion to Dismiss Misjoined Defendants and Sever Claims has
22 been decided, the stay on the filing deadline for Defendants' motion for summary judgment
23 is lifted (see Doc. #157).  The new deadline for Defendants to file their motion for summary
24 judgment is April 30, 2010.

25 In light of the denial of Defendants' Motion to Dismiss Misjoined Defendants and
26 Sever Claims and the new deadline for Defendants to file their motion for summary
27 judgment, all pending motions to compel are denied as moot.  After Defendants file their
28 motion for summary judgment, Plaintiff will be afforded an opportunity to respond. Plaintiff

1  must serve and file opposition to the granting of Defendants' motion within thirty (30) days
2  after being served with Defendants' motion. In the event Plaintiff cannot present facts
3  essential to justify an opposition, he may obtain an extension of time to file his response
4  under FED. R. CIV. P. 56(f). Under Rule 56(f)(2), if Plaintiff shows by affidavit the specific
5  reasons he cannot present facts essential to justify his opposition, the court may "order a
6  continuance to enable affidavits to be obtained, depositions to be taken, or other discovery
7  to be undertaken." If Plaintiff does not serve and file a request to postpone consideration of
8  Defendants' motion or a written opposition to the motion, the Court may consider Plaintiff's
9  failure to act as a waiver of opposition to Defendants' motion. Plaintiff's waiver of
10 opposition to Defendants' motion may result in the entry of summary judgment against
11 Plaintiff.
12     When a motion for summary judgment is filed pursuant to FED. R. CIV. P. 56, the
13 Ninth Circuit Court of Appeals requires the Court to provide *pro se* prisoners with notice of
14 the requirements for a motion for summary judgment. *Rand v. Rowland*, 154 F.3d 952, 962
15 (9th Cir. 1998) (*en banc*).

**NOTICE--WARNING TO PLAINTIFF**

*THIS NOTICE IS REQUIRED TO BE GIVEN TO YOU BY THE COURT*

18    Defendants may file a motion for summary judgment that seeks to have your case
19 dismissed. A motion for summary judgment under Federal Rule of Civil Procedure 56
20 will, if granted, end your case.
21    Rule 56 tells you what you must do in order to oppose a motion for summary
22 judgment. Generally, summary judgment must be granted when there is no genuine issue
23 of material fact—that is, if there is no real dispute about any fact that would affect the
24 result of your case, the party who asked for summary judgment is entitled to judgment as
25 a matter of law, which will end your case. When a party you are suing makes a motion
26 for summary judgment that is properly supported by declarations (or other sworn
27 testimony), you cannot simply rely on what your complaint says. Instead, you must set
28 out specific facts in declarations, depositions, answers to interrogatories, or authenticated

documents, as provided in Rule 56(e), that contradict the facts shown in the Defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

Local Rule of Civil Procedure 56-260(b) provides the following with respect to opposing a motion for summary judgment:

> **Opposition.** Any party opposing a motion for summary judgment or summary adjudication shall reproduce the itemized facts in the Statement of Undisputed Facts and admit those facts that are undisputed and deny those that are disputed, including with each denial a citation to the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission or other document relied upon in support of that denial. The opposing party may also file a concise "Statement of Disputed Facts," and the source thereof in the record, of all additional material facts as to which there is a genuine issue precluding summary judgment or adjudication. The opposing party shall be responsible for the filing with the Clerk of all evidentiary documents cited in the opposing papers. See L.R. 5-133(j). If a need for discovery is asserted as a basis for denial of the motion, the party opposing the motion shall provide a specification of the particular facts on which discovery is to be had or the issues on which discovery is necessary.

You must cite to the specific paragraph in your statement of facts that supports any factual claims you make in your memorandum of law. Additionally, any memorandum of law submitted in opposition to the motion for summary judgment must comply with the appropriate page limitations contained in the local rules.

You must timely respond to all motions. The Court may, in its discretion, treat your failure to respond to Defendants' motion for summary judgment as a consent to the granting of that motion without further notice, and judgment may be entered dismissing this action with prejudice. *See* LR 78-230(m); *Brydges v. Lewis*, 18 F.3d 651 (9th Cir. 1994) (*per curiam*).

. . . .

. . . .

. . . .

. . . .

1 Accordingly,

2 **IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss Misjoined
3 Defendants and Sever Claims (Doc. #149) is **DENIED** without prejudice.

4 **IT IS FURTHER ORDERED** that the stay on all outstanding deadlines, including
5 the filing deadline for Defendants' motion for summary judgment, is lifted. Defendants have
6 until **April 30, 2010** to file their motion for summary judgment.  Plaintiff must file
7 opposition to the granting of Defendants' motion within **thirty (30) days** after being served
8 with Defendants' motion.  In the event Plaintiff cannot present facts essential to justify an
9 opposition, within **twenty (20) days** after being served with Defendants' motion Plaintiff
10 may request that the court "order a continuance to enable affidavits to be obtained,
11 depositions to be taken, or other discovery to be undertaken" pursuant to FED. R. CIV. P.
12 56(f).

13 **IT IS FURTHER ORDERED** that all pending motions to compel and motions
14 relating to discovery (Docs. #107, 127, 129, 134, 136, 137, 139, 147, 148) are **DENIED** as
15 moot in light of this order.

16 **IT IS FURTHER ORDERED** that Plaintiff's Motion for an Order for a Pretrial
17 Conference (Doc. #128) and Plaintiff's Motion for Reconsideration (Doc. #160) are
18 **DENIED** as moot in light of this order.

19 DATED this 30th day of March, 2010.

_____
John M. Roll
Chief United States District Judge

- 5 -