# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Alex Lamota Marti, | Case No.: 1:07-CV-00066-JMR |
| Plaintiff, | **ORDER** |
| vs. | |
| F. Padilla, et al., | |
| Defendants. | |

Defendants have filed a Motion for Summary Judgment (Doc. 173) pursuant to Rule 56 of the Federal Rules of Civil Procedure.

**NOTICE--WARNING TO PLAINTIFF**

*THIS NOTICE IS REQUIRED TO BE GIVEN TO YOU BY THE COURT[1]*

The Defendants' Motion for Summary Judgment seeks to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue

---

[1] *Rand v. Rowland*, 154 F.3d 952, 962 (9th Cir. 1998) (*en banc*).

of material fact—that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the Defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

Rule 56-260(b) of the Local Rules of the United States District Court for the Eastern District of California ("L.R.") provides the following with respect to opposing a motion for summary judgment:

> **(b) Opposition.** Any party opposing a motion for summary judgment or summary adjudication shall reproduce the itemized facts in the Statement of Undisputed Facts and admit those facts that are undisputed and deny those that are disputed, including with each denial a citation to the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission or other document relied upon in support of that denial. The opposing party may also file a concise "Statement of Disputed Facts," and the source thereof in the record, of all additional material facts as to which there is a genuine issue precluding summary judgment or adjudication. The opposing party shall be responsible for the filing with the Clerk of all evidentiary documents cited in the opposing papers. See L.R. 5-133(j). If a need for discovery is asserted as a basis for denial of the motion, the party opposing the motion shall provide a specification of the particular facts on which discovery is to be had or the issues on which discovery is necessary.

You must cite to the specific paragraph in your statement of facts that supports any factual claims you make in your memorandum of law. Additionally, any memorandum of law submitted in opposition to the motion for summary judgment must comply with the appropriate page limitations contained in the Local Rules.

You must timely respond to all motions. The Court may, in its discretion, treat your failure to respond to Defendants' Motion for Summary Judgment as a consent to the granting of that Motion without further notice, and judgment may be entered dismissing

- 2 -

1 this action with prejudice pursuant to L.R. 78-230(l).  *See Brydges v. Lewis*, 18 F.3d 651
2 (9th Cir. 1994) (*per curiam*).  Local Rule 78-230(l) states in part:

> A responding party who has no opposition to the granting of the motion shall serve and file a statement to that effect, specifically designating the motion in question.  Failure of the responding party to file opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion and may result in the imposition of sanctions.

Pursuant to the Court's Order dated March 30, 2010 (Doc. 165), you must file any response to Defendants' Motion for Summary Judgment within thirty (30) days after being served with Defendants' motion.  Also pursuant to the Court's March 30 Order, in the event you cannot present facts essential to justify an opposition, within twenty (20) days after being served with Defendants' motion you may request that the Court "order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken" pursuant to FED. R. CIV. P. 56(f).  If you do not serve and file a request to postpone consideration of Defendants' motion or file a written opposition to the motion, the Court may consider your failure to act as a waiver of opposition to Defendants' motion.

Accordingly,

**IT IS ORDERED** that Plaintiff must file a response to Defendants' Motion for Summary Judgment, together with a separate Statement of Facts and supporting affidavits or other appropriate exhibits, within **thirty (30)** days after service of Defendants' motion. In the event Plaintiff cannot present facts essential to justify an opposition, within **twenty (20) days** after being served with Defendants' motion Plaintiff may request that the court "order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken" pursuant to FED. R. CIV. P. 56(f).

**IT IS FURTHER ORDERED** that Defendants may file a reply within **twenty (20)** days after service of Plaintiff's response.

/ /
/ /
/ /

- 3 -

1 **IT IS FURTHER ORDERED** that the Motion for Summary Judgment will be
2 deemed ready for decision without oral argument on the day following the date set for
3 filing a reply unless otherwise ordered by the Court.
4     DATED this 4th day of August, 2010.

_____
John M. Roll
Chief United States District Judge