# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEX LAMOTA MARTI, | 1:07-cv-00066-LJO-GSA-PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S REQUEST FOR ENTRY OF DEFAULT AGAINST DEFENDANT SMART |
| v. | (Doc. 170.) |
| F. PADILLA, et al., | |
| Defendants. | |

**I.  BACKGROUND**

Alex Lamota Marti ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983.  This action now proceeds with the First Amended Complaint filed on July 9, 2007, against defendants Arline, Baires, Boos, Fulks, Gardner, Hansen, Hulse, Jordt, Knight, Lais, McGuirt, Munoz, Padilla, Polk, Ramirez, Reynoso, Santoro, Smart, Smith, Tolson, Wadkins, and Williams, for retaliation in violation of the First Amendment.  (Doc. 20.)  On June 29, 2010, Plaintiff filed a request for entry of default against defendant Smart ("Defendant").  (Doc. 170.)

**II.  REQUEST FOR ENTRY OF DEFAULT**

Plaintiff argues that default should be entered against Defendant because Defendant's response to the complaint was due on June 28, 2010, and as of July 5, 2010, Plaintiff had not been served with any responsive pleading by Defendant.

1

Entry of default is appropriate as to any party against whom a judgment for affirmative relief is sought that has failed to plead or otherwise defend as provided by the Federal Rules of Civil Procedure and where that failure is shown by affidavit or otherwise. See Fed. R. Civ. P. 55(a). Rule 12 of the Federal Rules of Civil Procedure provides, "[A] defendant must serve an answer within 21 days after being served with the summons and complaint; or if it has timely waived service under Rule 4(d), within 60 days after the request for a waiver was sent." Fed. R. Civ. P. 12(a)(1)(A). Under Rule 4(d), a defendant may waive service of a summons by signing and returning a waiver of service. Fed R. Civ. P. 4(d).

### III. DISCUSSION

In this action, the United States Marshal sent a Waiver of Service form on behalf of Plaintiff to Defendant on April 28, 2010. (See Doc. 168.) Defendant signed the form on June 2, 2010, and returned it to the Marshal. Id. The Marshal received the completed form on June 14, 2010 and filed it at the Court on June 18, 2010. Id. Based on this evidence, the Court concludes that Defendant timely waived service under Rule 4(d), causing the answer to be due on June 28, 2010. On June 28, 2010, Defendant filed a motion for a thirty-day extension of time to file a motion for summary judgment, and Defendant's motion was granted by the Court on July 12, 2010. (Docs. 169, 171.) Defendant filed an answer to complaint on July 12, 2010, and a timely motion for summary judgment on July 29, 2010. (Docs. 172, 173.) Because Defendant made an appearance in this action on June 28, 2010 via a motion for extension of time, filed an answer, and filed a timely motion for summary judgment, the Court cannot find that Defendant failed to plead or otherwise defend this action. Therefore, Plaintiff is not entitled to entry of default against Defendant.

### IV. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's request for entry of default against Defendant Smart, filed on June 29, 2010, is DENIED.

IT IS SO ORDERED.

Dated:   **February 1, 2011**                    **/s/ Gary S. Austin**
                                         UNITED STATES MAGISTRATE JUDGE