IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEX LAMOTA MARTI, | 1:07-cv-00066-LJO-GSA-PC |
| Plaintiff, | ORDER DENYING MOTION FOR COURT ORDER DIRECTING LAW LIBRARIAN TO MAKE COPIES, OR IN THE ALTERNATIVE, DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT FOR PLAINTIFF'S INABILITY TO OBTAIN COPIES |
| vs. | |
| F. PADILLA, et al., | |
| Defendants. | |
| | (Docs. 184, 189.) |

**I.   BACKGROUND**

Alex Lamota Marti ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on January 12, 2007. (Doc. 1.) This action now proceeds on the Amended Complaint filed by Plaintiff on May 1, 2008. (Doc. 25.) On July 29, 2010, Defendants filed a motion for summary judgment. (Doc. 173.) On August 5, 2010, the Court issued an order requiring Plaintiff to file an opposition to the motion within twenty days. (Doc. 176.) To date, Plaintiff has not filed an opposition to the motion, despite being granted an extension of time. (Docs. 180, 190, 193.)

On September 3, 2010, Plaintiff filed a motion for a court order directing the law librarian at the prison to make copies of legal documents for Plaintiff, or in the alternative, a court order denying Defendants' motion for summary judgment. (Doc. 184.) On November 15, 2010 and December 27,

1

2010, Plaintiff filed supplements to his motion.  (Docs. 189, 191.)  Plaintiff's motion is now before the Court.

## II.     PLAINTIFF'S MOTION

Plaintiff claims he needs copies of legal documents exceeding 100 pages to oppose Defendants' motion for summary judgment.  Plaintiff argues that he is entitled to the copies because he is required to file an opposition "under the Federal Rules of Civil Procedure, Rule 56(e), and Local Rules, Rule 56-260(b), and as ordered by the Court in its Orders entered on March 30, 2010, and August 4, 2010 (Documents Number 165, and 176 respectively)."  (Motion, Doc. 184 at 2:7-11.)  In the alternative, Plaintiff requests an order denying Defendants' motion for summary judgment on the grounds that he is unable to present facts essential to oppose the motion, due to the prison's refusal to copy his legal documents.

Plaintiff asserts that he has been refused copies exceeding the 100-page limit by the prison law librarian, pursuant to the Department Operations Manual, Section 101120.15, which states, "In no event shall staff be required to duplicate a legal document exceeding 100 pages in length in the absence of a court order directing the duplication."  (Id. at 6:4-7 and Exh. E.)  Plaintiff argues that by limiting his copies, the prison is denying him access to the court.

### Discussion

Plaintiff is requesting a court order directing the prison to change its procedures as they apply to Plaintiff.  The Court recognizes that prison administrators "should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security."  Whitley v. Albers, 475 U.S. 312, 321-322 (1986) (*quoting* Bell v. Wolfish, 441 U.S. 520, 547 (1970).  Moreover, the Court lacks jurisdiction to issue an order requiring the law librarian to make extra copies for Plaintiff.  See Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985).  Therefore, the Court shall defer to the prison's policies and practices in limiting prisoners to 100 copies.

Plaintiff argues that he cannot comply with the Court's orders or rules unless he is able to obtain copies of documents exceeding 100 pages.  The Court's orders and rules do not require, or

even encourage, the submission of voluminous documents. Plaintiff's remedy is to separate his opposition to the motion for summary judgment into documents of 100 pages or less. Should Plaintiff require additional time, he must request an extension of time before the prior deadline expires. Fed. R. Civ. P. 6(b). Plaintiff is advised that he should endeavor to use concise language in his court documents and should only submit exhibits which are necessary to support his arguments. The Court does not routinely grant leave for the submission of voluminous documents or extraneous exhibits.

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion for a court order directing the law librarian to make extra copies, or a court order denying Defendants' motion for summary judgment, is DENIED.

IT IS SO ORDERED.

**Dated:**   **August 10, 2011**            /s/ **Gary S. Austin**
                                             UNITED STATES MAGISTRATE JUDGE