**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALEX LAMOTA MARTI, | 1:07-cv-00066-LJO-GSA-PC |
| Plaintiff, | ORDER GRANTING IN PART PLAINTIFF'S ALL- INCLUSIVE MOTION TO COMPEL |
| vs. | (Doc. 203.) |
| F. PADILLA, et al., | ORDER FOR DEFENDANTS TO PROVIDE FURTHER RESPONSES TO PLAINTIFF'S DISCOVERY REQUESTS, AS INSTRUCTED BY THIS ORDER, WITHIN FORTY-FIVE (45) DAYS |
| | ORDER CLOSING DISCOVERY EXCEPT FOR LIMITED PURPOSE |

**I.     RELEVANT PROCEDURAL HISTORY**

Alex Lamota Marti ("Plaintiff") is a prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on January 12, 2007. (Doc. 1.) This action now proceeds on the Amended Complaint filed by Plaintiff on July 9, 2007, against twenty-two defendants ("Defendants"), on Plaintiff claims for retaliation under the First Amendment.[1] (Doc. 20.)

On September 24, 2008, the Court issued a Discovery/Scheduling Order establishing a deadline of May 17, 2009 for completion of discovery, and a deadline of July 17, 2009 for the filing of pretrial

---

[1] All twenty-two of the Defendants have answered the complaint. (Docs. 52, 66-3 at Exh. A, 78, 84-2 at Exh. A, 172.)

1

dispositive motions. (Doc. 54.) Upon requests by the parties, the Court extended the deadlines; however, the discovery and dispositive motions deadlines are now expired. (Docs. 117, 123, 124, 141, 142, 150, 152, 156, 157, 166, 167, 169, 171.)

Between March 4, 2009 and November 6, 2009, Plaintiff filed seven motions to compel discovery responses. (Docs. 107, 127, 129, 134, 139, 147, 148.) On March 30, 2010, the Court denied Plaintiff's seven motions to compel as moot. (Doc. 165.) On September 13, 2010, Plaintiff filed another motion to compel. (Doc. 187.)

On September 29, 2010, Defendants filed a Motion for Summary Judgment. (Doc. 173.) Plaintiff has been granted an extension of time until November 14, 2011 to file an opposition to the Motion. (Doc. 214.)

On January 28, 2011, Plaintiff was granted until March 2, 2011 to file one, all-inclusive motion to compel, to enable him to defend against the Motion for Summary Judgment. (Doc. 193.) On March 1, 2011, Plaintiff filed an all-inclusive motion to compel. (Doc. 203.) On May 6, 2011, Defendants filed an opposition. (Doc. 207.) On June 15, 2011, Plaintiff filed a reply. (Doc. 212.) Plaintiff's all-inclusive motion to compel is now before the Court.

**II.     PLAINTIFF'S ALLEGATIONS AND FIRST AMENDMENT RETALIATION CLAIMS**

Plaintiff was incarcerated at the California Substance Abuse Treatment Facility ("SATF") in Corcoran, California, at the time the events at issue allegedly occurred. Plaintiff brings retaliation claims against twenty-two defendants who were all employees of the California Department of Corrections and Rehabilitation ("CDCR") at SATF while Plaintiff was incarcerated there.

Plaintiff alleges in the Amended Complaint as follows.

On January 28, 2005, Plaintiff made a court appearance on a petition for writ of habeas corpus regarding conditions of confinement at SATF. Upon Plaintiff's return from court, defendants Correctional Officer ("C/O") F. Padilla and C/O Sidney Knight approached Plaintiff, threatened him with retaliation for having taken the CDCR to court, and cautioned him to go easy on the CDCR witnesses.

///

///

On February 8, 2005, defendants C/O Padilla and C/O McGuirt demoted Plaintiff from a paid position on the yard crew to a temporary non-paid position, in retaliation for his court action against the CDCR. Plaintiff filed a grievance against C/O Padilla and C/O McGuirt for the demotion.

On March 2, 2005, defendants C/O Padilla and C/O McGuirt filed a false Rules Violation Report ("RVR") against Plaintiff, as further retaliation for Plaintiff's court action and his grievance about the demotion.

On May 18, 2005, defendant C/O McGuirt escorted Plaintiff to the Reception and Release area to access Plaintiff's stored legal materials. McGuirt told Plaintiff he should refrain from addressing grievances to the sergeant or suffer the consequences. This was in retaliation for Plaintiff discussing a pending administrative appeal with Sergeant Sekula (not a defendant).

On July 15, 2005, defendant C/O Knight fabricated a RVR against Plaintiff, at the behest of defendant McGuirt, in retaliation for Plaintiff's court case and grievances.

On August 14, 2005, defendant C/O F. Ramirez terminated Plaintiff's visit with his mother for no valid reason. Plaintiff and his mother both filed grievances against C/O Ramirez. C/O Ramirez immediately retaliated by filing a false RVR against Plaintiff.

On September 2, 2005, defendants C/O W. W. Williams, Lieutenant ("Lt.") W. S. Wadkins, CCII L. Smart, Captain R. Hansen, Sergeant S. Smith, and C/O W. Gardner segregated Plaintiff because of false allegations by a confidential informant. C/O Williams and the informant wrote a false RVR. Lt. Wadkins prepared a lock-up order, and Captain Hansen ordered the segregation and threatened Plaintiff, while referring to Plaintiff's history of filing grievances as justification for the segregation. Defendant CCII L. Smart, Plaintiff's counselor, acted in concert with the other defendants to segregate Plaintiff and made loud references about Plaintiff such as "We got the 602 King," referring to the CDC 602 inmate appeals forms filed by Plaintiff.

Between September 2, 2005 and September 15, 2005, defendants C/O W. S. Wadkins, C/O S. Boos, C/O R. Huise, and Lt. R. Tolson falsely asserted that multiple confidential sources had caused Plaintiff's segregation, when in fact the segregation was caused by one uncorraborated source. Lt. Tolson reviewed the segregation order, further obscuring the fact that there was only one confidential source. Captain Hansen assigned defendant C/O Knight as Plaintiff's investigative employee, even

though Plaintiff had filed a grievance against Knight.  On September 6, 2005, Hansen recused himself from reviewing Plaintiff's segregation order due to Plaintiff's claim of bias.  However, Hansen later served on the Institutional Classification Committee ("ICC") that decided to retain Plaintiff in segregation.

On September 15, 2005, at the ICC hearing, defendant CCII Smart presented the case for Plaintiff's retention in segregation to ICC members Warden D. Fulks, CCII Arline, and Captain Hansen. Smart was abusive, lied to the committee, and denied Plaintiff the right to address the committee, resulting in Plaintiff's retention in segregation.  The ICC members did not assess the reliability of the confidential information, and the false pretext of multiple sources was used to retain Plaintiff.

On November 22, 2005, while in administrative segregation ("Ad-Seg"), Plaintiff received a court order from the Court of Appeals regarding conditions in Ad-Seg. On November 23, 2005, Plaintiff gave the order to defendant C/O D. Jordt to place on file for access to legal services.  Within an hour, Plaintiff was informed he was being moved to the ASU, the most restrictive Ad-Seg Unit available in California, which was much worse than Plaintiff's present segregation.  Defendants C/O Jordt and Sgt. C. Munoz effected the transfer, out of retaliation for Plaintiff's court action at the Court of Appeals. Plaintiff had also filed numerous grievances against defendant Jordt before the transfer.

On January 8, 2006, Plaintiff was found not guilty of the RVR that had placed him in segregation since September 2, 2005. Lt. M. A. Baires was the Senior Hearing Officer ("SHO") who found Plaintiff not guilty.  Lt. Baires and Captain Hansen withheld the final disposition of the RVR from January 8, 2006 until March 15, 2006, prolonging Plaintiff's segregation long after he was found not guilty.

On February 1, 2006, Lt. Baires prepared a CDC 128 form recommending continued segregation and transfer to another institution for Plaintiff, even though Lt. Baires was the SHO who found Plaintiff not guilty. On March 31, 2006, Lt. Baires prepared a lock-up order to continue Plaintiff's segregation, recommending a transfer for false reasons.

Defendant CCII Arline, Plaintiff's counselor, failed to schedule Plaintiff's release from segregation and ignored the directive dated March 3, 2006 to "Return to CSR [Classification Staff Representative] no later than 3/18/06 with status update," leaving Plaintiff in segregation for no valid reason.

On April 3, 2006, defendant Captain J. Lais reviewed the lock-up order prepared by Lt. Baires and purposely covered up the fact that no valid reason existed to retain Plaintiff in segregation. Captain Lais denied Plaintiff an investigative employee, witnesses, and documentary evidence, preventing Plaintiff from preparing for the ICC hearing that could release Plaintiff.

On April 10, 2006, Plaintiff was taken to an ad hoc ICC hearing before defendants Captain K. Santoro, Captain J. Reynoso, and Chief Deputy Warden Lethel Polk. Based on the CDC 128 recommendation and lock-up order prepared by Lt. Baires, and ignoring the not guilty finding, Plaintiff was ordered to be retained in segregation in ASU for ninety more days and transferred to another institution.

On May 11, 2006, Plaintiff's administrative appeal was granted and he was released from segregation to Facility D. The appeal determined that no reason existed for Plaintiff's retention in segregation and transfer. Plaintiff's privileges and status were restored by ICC action. Upon Plaintiff's arrival at Facility D, defendants CCII Smart and C/O Williams ordered Plaintiff to be placed on orientation status, which extended his segregation by fifteen more days. Smart and Williams had no authority to place Plaintiff on orientation status, overriding the ICC's decision and acting solely in retaliation against Plaintiff.

Plaintiff's total placement in segregation consisted of 267 days.

### *Retaliation Claim*

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

### III. MOTION TO COMPEL

Plaintiff has filed a motion to compel pursuant to the Court's order of January 28, 2011, which directed Plaintiff to "file one, all-inclusive **motion to compel** specifically identifying all the facts and evidence to which Plaintiff believes he is entitled in order to oppose Defendants' Motion [for Summary

///

Judgment] and to which he has been denied access by Defendants in previous requests for discovery." (Order, Doc. 193 at 3:19-22.)

### A. Federal Rules of Civil Procedure 26(b), 33(a), 34(a), 36(a), and 37

Under Rule 26(b), "[U]nless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense — including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

Pursuant to Rule 33, an interrogatory may relate to any matter that may be inquired into under Rule 26(b). Fed. R. Civ. P. 33(a)(2). Pursuant to Rule 34(a), "any party may serve on any other party a request to produce and permit the party making the request . . . to inspect and copy any designated documents . . . which are in the possession, custody or control of the party upon whom the request is served." Fed. R. Civ. P. 34(a)(1).

Pursuant to Rule 36, "[a] party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to facts, the application of law to fact, or opinions about either; and the genuineness of any described documents." Fed. R. Civ. P. 36(a)(1).

Pursuant to Rule 37(a), a party propounding discovery may seek an order compelling disclosure when an opposing party has failed to respond or has provided evasive or incomplete responses. Fed. R. Civ. P. 37(a)(2)(3). Rule 37(a)(2)(B) empowers a propounding party to bring a motion to compel discovery responses " if a party, in response to a request for inspection submitted under Rule 34, fails to respond that inspection will be permitted as requested or fails to permit inspection as requested, the discovering party may move for ... an order compelling inspection in accordance with the request." Fed. R. Civ. P. 37(a)(2)(B). An evasive or incomplete disclosure, answer, or response is to be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(3). The failure to respond to document requests "may not be excused on the ground that the discovery sought is objectionable unless the party

failing to act has a pending motion for protective order." Fed. R. Civ. P. 37(d). It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection." Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir.1992) (*citing* Davis v. Fendler, 650 F.2d 1154, 1160 (9th Cir.1981)). The moving party bears the burden of demonstrating "actual and substantial prejudice" from the denial of discovery. See Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002) (citations omitted.).

### B. Plaintiff's Motion to Compel

Plaintiff moves the Court for an order compelling Defendants to respond to four specific requests for discovery. First, Plaintiff seeks the exact date on which defendant C/O F. Ramirez concluded her employment with SATF. Second, Plaintiff seeks copies of documents pertaining to the role of J. Garza in Plaintiff's placement in segregation on September 2, 2005. Third, Plaintiff seeks copies of all CDC 114A-1 Forms, also known as CDC114 Segregation Log Books, pertaining to Plaintiff's segregation at SATF from September 2, 2005 until May 11, 2006. Fourth, Plaintiff seeks information and copies of documents pertaining to the Program Status Report ("PSR") prepared by defendant Lt. Baires on August 26, 2005.

Plaintiff also requests the Court to "explore all discovery requested by Plaintiff that was not adequately responded to, correct the fallacies, and issue[] all just orders to allow Plaintiff to properly prosecute this action." (Motion to Compel ("Pltf's Motion"), Doc. 203 at 59-60.) Plaintiff argues that the Court prevented him from obtaining any discovery because his prior motions to compel were denied as moot and he was ordered to file one, all-inclusive motion. Plaintiff also argues that Defendants were evasive in all discovery.

### C. Discussion

The Court shall not address Plaintiff's prior motions to compel, explore all of the discovery requested by Plaintiff in this action, or address Plaintiff's general complaints that Defendants were evasive in all discovery. On March 30, 2010, the Court denied all of Plaintiff's prior pending motions to compel as moot. (Doc. 165.) Plaintiff's motion to compel filed on September 13, 2010 is also moot in light of the Court's order of January 28, 2011. (Doc. 187.) The Court's order of January 28, 2011 ordered Plaintiff to file "one, all-inclusive **motion to compel** specifically identifying all the facts and

evidence to which Plaintiff believes he is entitled in order to oppose Defendants' Motion [for Summary Judgment] and to which he has been denied access by Defendants in previous requests for discovery." (Order, Doc. 193 at 3:20-22.) The Court advised Plaintiff "not [to] merely refer to previous motions or previously-denied motions to compel." (Id. at 3:5-6.) Therefore, the only motion to compel now pending is Plaintiff's all-inclusive motion filed March 1, 2011, and the Court shall only address the four specific requests for discovery identified in the all-inclusive motion.

### 1.     Request for Defendant C/O F. Ramirez' Dates of Employment

Plaintiff requests an order compelling defendant C/O F. Ramirez to provide him with the exact date on which Ramirez concluded her employment with SATF. Plaintiff asserts that he requested this information in his Interrogatories to defendant F. Ramirez, Set One, No. 9 and Set Two, Nos. 1 & 2, and received inadequate responses. Plaintiff contends that this evidence will enable him to present a genuine issue of material fact in opposition to Defendants' Motion for Summary Judgment with respect to defendants Arline, Baires, Lais, Santoro, Reynoso and Polk.

**Set One, Interrogatory 9.**      *"State the date of the commencement of your employment at the California Substance Abuse Treatment Facility and State Prison (CSATF-SP) at Corcoran, and the date on which you concluded your employment at said prison. If for some reason you terminated your employment with the CSATF-SP, and subsequently returned to said prison please explain."*
(Pltf's Motion, Doc. 203 at 79 (Exh. 3.))[2]

**Defendant's Response.**      *"Responding party objects to this interrogatory as seeking information protected by California Evidence Code section 1043, California Penal Code section 832.7, and the federal and state constitutional right to privacy. Further, the interrogatory is compound."*
(Id. at 90 (Exh. 4.))

**Set Two, Interrogatory 1.**      *"State the date that you concluded your employment at the California Substance Abuse Treatment Facility and State Prison (CSATF-SP) at Corcoran. Plaintiff's Interrogatory Number 1 is based on the fact that on May 11, 2006, Plaintiff was released from Administrative Segregation back to Facility D, at CSATF. (See 'STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT', DUF # 270, which states, 'On or around May 11, 2006, the ICC elected to release Marti to*

---

[2] When the pagination used by a party in a document differs from the pagination used by the Court's electronic filing system, the Court uses the pagination of the Court's electronic filing system.

        *Facility D and keep him at SATF. Marti was satisfied with the decision at that time. (Ex.Z(GatlingDecl.), Ex.2 at 86:16-21.)') and the Attached Exhibit A to this document, which is a true and correct copy of the CDC-128 G, dated 5-11-06, 'ICC/AD-SEG CLASSIFICATION' Chrono that states in relevant part, 'This recorder [R. Gomez] was informed the officer [F. Ramirez] has since transferred to another institution (refer to confidential 128 B dated May 11, 2006). There are no other issues that warrant retention in ASU.'"*
(Id. at 179-80 (Exh. 14.))

**Defendant's Response.**     *"I am in receipt of your . . . 'Second Set of Interrogatories to Defendant F. Ramirez" . . . dated August 25, 2010. Discovery in this matter has long since closed. Accordingly, I will not be responding to your discovery requests."*
(Id. at 192 (Exh. 16.))

**Set Two, Interrogatory 2.**     *"If the date that you concluded your employment at California Substance Abuse Treatment Facility and State Prison (CSATF-SP) at Corcoran, is a different date than the date of your last day of work at CSATF-SP, please state the last date that you worked at CSATF-SP."*
(Id. at 180 (Exh. 14).)

**Defendant's Response.**     *"I am in receipt of your . . . 'Second Set of Interrogatories to Defendant F. Ramirez" . . . dated August 25, 2010. Discovery in this matter has long since closed. Accordingly, I will not be responding to your discovery requests."*
(Id. at 192 (Exh. 16.))

Defendant argues that defendant C/O F. Ramirez' dates of employment are protected by California Evidence Code section 1043, California Penal Code section 832.7, and the federal and state constitutional right to privacy. Plaintiff argues that this is not privileged information, as shown by defendant Captain Hansen's disclosure of his last day at SATF and disclosure of the name of the prison to which he transferred. (Id. at 243 ¶27 (Exh. 25.))

Section 1043 of the California Evidence Code requires a party seeking discovery of peace or custodial officer personnel records to file a motion with the appropriate court identifying the discovery sought, the party seeking discovery, the officer whose records are sought, and the agency which has custody and control of the records, along with an affidavit showing good cause for the discovery. Cal.Evid.Code § 1043.

Section 832.7 of the California Penal Code provides, "Peace officer or custodial officer personnel records and records maintained by any state or local agency . . ., or information obtained from these

records, are confidential and shall not be disclosed in any criminal or civil proceeding, [with some exceptions]." Cal.Penal Code § 832.7.

"Questions of privilege that arise in the course of the adjudication of federal rights are 'governed by the principles of the common law as they may be interpreted by the courts of the United States in the light of reason and experience.'" United States v. Zolin, 491 U.S. 554, 562, 109 S.Ct. 2619, 2625 (1989) (quoting Federal Rule of Evidence 501). Despite claims of privilege, personnel files are discoverable in federal question cases. Garrett v. City and County of San Francisco, 818 F.2d 1515, 1519 n. 6 (9th Cir. 1987) (citations omitted). While this Court may give some weight to privacy rights protected by state statutes, the "ultimate responsibility for deciding how much weight to ascribe to such interests, and how that weight compares with the significance of competing interests, must reside with the federal courts." Kelly v. City of San Jose, 114 F.R.D. 653, 656 (N.D.Cal. 1987).

Defendant's objection is overruled. The Court will allow Plaintiff to discover the exact dates of defendant C/O Ramirez' employment at SATF. In this instance, Defendant Ramirez' interest in keeping her employment dates confidential is outweighed by Plaintiff's right to discovery of relevant evidence. Defendants' Motion for Summary Judgment is based in part on the assertion that their decision to continue Plaintiff's detention in Ad-Seg was based on his danger to the safety and security of inmates, staff members, and the institution, and not on retaliation against Plaintiff. (MSJ, Doc. 173.) Defendant Ramirez' employment dates are relevant to disprove that Defendants' action in retaining Plaintiff in Ad-Seg and recommending Plaintiff's transfer reasonably advanced a legitimate correctional goal after defendant F. Ramirez was no longer working at SATF. Defendant F. Ramirez shall be required to serve upon Plaintiff a response to Plaintiff's Interrogatories, Set One, Number 9. Defendant F. Ramirez shall provide Plaintiff with the date of the commencement of her employment at SATF, and the date on which she concluded her employment at SATF. Defendant F. Ramirez shall also provide Plaintiff with an explanation if for some reason she terminated her employment with SATF and subsequently returned to said prison. No objections are permitted.

**2.      Request for Documents Pertaining to J. Garza's Role**

Plaintiff requests an order compelling Defendants to produce copies of all documents pertaining to the role of J. Garza in Plaintiff's placement in segregation on September 2, 2005. Plaintiff asserts that

Requests 2 and 17 of his First Request for Production of Documents should have elicited this information, but Defendants failed to provide it and instead "ambushed" Plaintiff by revealing information about J. Garza in the Motion for Summary Judgment.

| | |
|---|---|
| **First Request, No. 2.** | *"All written statements, originals or copies, identifiable as reports pertaining to plaintiff made by any and all defendants, and any and all prison and civilian employees or the California Department of Corrections and Rehabilitation, and any and all prisoner witnesses, including any and all prisoners acting as confidential informants pertaining to any and all incidents, investigations, or allegations made against plaintiff, including but not limited to plaintiff's stay at the California Substance Abuse Treatment Facility."* (Pltf's Motion, Doc. 203 at 130 (Exh. 9.)) |
| **Defendants' Response.** | *"Responding Parties object to this request for production on the grounds that it is overbroad and not reasonably calculated to lead to the discovery of admissible evidence, because it seeks documents not pertinent to the subject matter of this lawsuit. Responding Parties also object on the grounds that it calls for production of confidential documents covered by the official information privilege. Without waiving these objections, Responding Parties have produced all documents responsive to this request in their possession, custody, and control in response to request for production of documents 1."* (Id. at 144 (Exh. 10.)) |
| **First Request, No. 17.** | *"All documents that evidence, mention, construe, or refer to the segregation of plaintiff on 9/2/05, and the rules violation report prepared by defendant W.W. Williams, and the reports by confidential informants, reports of multiple sources, reviews of segregation orders, hearings, investigative reports, reports by the committee held on 9/15/05, assessments of confidential reports, and any and all documents pertaining to the period of administrative segregation and rules violation reports commenced on 9/2/05."* (Id. at 136 (Exh. 9.)) |
| **Defendants' Response.** | *"Responding parties object to this request for production on the grounds that it is vague and ambiguous as to the meaning of the terms 'reports of multiple sources' and 'any and all documents pertaining to the period of administrative segregation and rules violation reports commenced on 9/2/05.' Responding Parties also object on the grounds that the request calls for documents covered by the official information privilege. Without waiving these objections, Responding Parties produce all responsive documents in their possession,* |

11

*custody, and control as Bates-stamped document D00001."*
(Id. at 151 (Exh. 10.))

Plaintiff contends that he requires these documents to ascertain that Defendants are not hiding information from him. Plaintiff asserts that when he received Defendants' Motion for Summary Judgment, he discovered therein that J. Garza and defendant Williams had both prepared the Confidential Memorandum to effect his segregation. Plaintiff was not aware, until reviewing the Motion for Summary Judgment, that J. Garza was involved. Plaintiff explains that J. Garza is the person who on May 31, 2006 had other confidential information that Plaintiff made another threat, this time to C/O Williams, and Garza placed Plaintiff in Ad-Seg again. This is the subject of Plaintiff's second lawsuit in this Court, 1:08-cv-00653, Marti v. Baires. Plaintiff claims that this "Garza" factor closes the ties between the two civil rights actions. Plaintiff maintains that Defendants failed to disclose all the documents pertaining to his segregation. Plaintiff argues that because Defendants failed to disclose Garza's participation until the Motion for Summary Judgment, then Defendants must be hiding other information he asked for. Plaintiff argues that evidence about J. Garza will enable him to present a genuine issue of material fact in opposition to Defendants' motion for summary judgment, by showing causal connections of Defendants to prove retaliatory actions.

Defendants respond that Plaintiff already has in his possession the relevant documents pertaining to his Ad-Seg placement on September 2, 2005, and that tying two civil rights cases together is not the purpose of Rule 56(d). Defendants argue that Plaintiff has not explained how the "Garza" factor is necessary to adequately oppose the Motion for Summary Judgment.

The Court sustains Defendants' objections that Plaintiff's Requests 2 and 17 are vague, overbroad, and ambiguous. The Court shall not require Defendants to respond to a fishing expedition by Plaintiff based on speculation that Defendants possess information they have not disclosed. Moreover, J. Garza is not a defendant to this action, and Plaintiff has not sufficiently explained how the "Garza" factor, or tying his two cases together, is relevant to oppose the Motion for Summary Judgment. Defendants shall not be required to produce additional documents in response to these requests.

///

///

### 3. Request for Production of Segregation Log Books

Plaintiff requests all CDC 114A-1 Forms, also known as CDC114 Segregation Log Books, pertaining to Plaintiff's segregation at SATF from September 2, 2005 until May 11, 2006, and his segregation beginning on May 31, 2006. Plaintiff asserts that he requested this information in Requests 5, 17, and 19 of his First Request for Production of Documents, and Request 2 of his Third Request for Production of Documents, and received inadequate responses.

**First Request, No. 5.** *"All documents that evidence, mention, or refer to plaintiff's conduct or disciplinary history, at the California Substance Abuse Treatment Facility or at any other prison, including but not limited to plaintiff's placement in any administrative segregation units. All records, logs, or any and all segregation housing units' records, including but not limited to any and all CDC 114 Logs prepared pertaining to plaintiff's segregation periods at the California Substance Abuse Treatment Facility at Corcoran that are in the possession, custody or control of defendants or any other prison or civilian employees or the California Department of Corrections and Rehabilitation."*
(Pltf's Motion, Doc. 203 at 131-132 (Exh. 9.))

**Defendants' Response.** *"Responding parties object to this request for production on the grounds that it is overbroad and not reasonably calculated to lead to the discovery of admissible evidence, because it seeks documents not pertinent to the subject matter of this lawsuit. Without waiving these objections, and after a diligent search, Responding Parties do not have possession custody or control of documents responsive to this request."*
(Id. at 145 (Exh. 10.))

**First Request, No. 17.** *"All documents that evidence, mention, construe, or refer to the segregation of plaintiff on 9/2/05, and the rules violation report prepared by defendant W.W. Williams, and the reports by confidential informants, reports of multiple sources, reviews of segregation orders, hearings, investigative reports, reports by the committee held on 9/15/05, assessments of confidential reports, and any and all documents pertaining to the period of administrative segregation and rules violation reports commenced on 9/2/05."*
(Id. at 136 (Exh. 9.))

**Defendants' Response.** *"Responding parties object to this request for production on the grounds that it is vague and ambiguous as to the meaning of the terms 'reports of multiple sources' and 'any and all documents pertaining to the period of administrative segregation and rules violation reports commenced on 9/2/05.' Responding*

13

|  |  |  |
|---|---|---|
| | | *Parties also object on the grounds that the request calls for documents covered by the official information privilege. Without waiving these objections, Responding Parties produce all responsive documents in their possession, custody, and control as Bates-stamped document D00001."* |

(Id. at 151 (Exh. 10.))

**First Request, No. 19.**   *"All documents that evidence, mention, construe, or refer to the rules violation report hearing held on 1/08/06 by defendant M.A. Baires, including but not limited to the CDC 114 Log for plaintiff, and any and all other entries made by any prison or civilian employee including but not limited to the Log entries made by defendant M.A. Baires. This request includes the entries made by all prison employees working in ASU on 1-08-06 on the date said hearing was held for plaintiff. All documents prepared by M.A. Baires including but not limited to any documents prepared on 2-1-06, and 3-31-06, these documents should include but not be limited to any CDC-128s, CDC-114 Ds, encompassing all aspects of plaintiff's segregation that started on 9-2-05."*

(Id. at 137 (Exh. 9.))

**Defendants' Response.**   *"Responding Parties object to this request for production on the grounds that it is overbroad, unduly burdensome, vague and ambiguous. Without waiving these objections, Responding Parties produce those non-confidential, responsive documents in their possession, custody, and control as Bates-stamped document E00001."*

(Id. at 152 (Exh. 10.))

**Third Request, No. 2.**   *"Produce the complete CDC 114A-1 Forms (Inmate Segregation Profile), also known as 'CDC114 Segregation Log Book' for Plaintiff's segregated period commencing on September 2, 2005 to and including May 11, 2006. Said CDC Forms 114A-1 (Inmate Segregation Profile) are described as containing at least records of Plaintiff's committee's actions and decisions by Defendant R. HANSEN in his 'Declaration of R. Hansen in Support of Defendants' Motion for Summary Judgment' at ¶ 16, and dated June 30, 2010. (stating in relevant part 'My role [Defendant R. HANSEN'S] on this particular committee [9/15/2005] was to record and document the committee's actions and decision on CDC 114A-1 (Inmate Segregation Profile....')."*

(Id. at 186-87 (Exh. 15.))

**Defendants' Response.**   *"I am in receipt of your . . . 'Third Request for Production of Documents, First Post Service of Defendants' Motion for Summary Judgment,' dated August 25, 2010. Discovery in this matter*

///

14

| | |
|---|---|
| 1 | ***has long since closed. Accordingly, I will not be*** |
| 2 | ***responding to your discovery requests."***<br>(Id. at 192 (Exh. 16.)) |

Plaintiff asserts that § 3344(b) of the California Code of Regulations proves that the Log Books exist, because it requires that a separate Administrative Segregation Log, CDC Form 114, must be maintained for each segregation, from reception to release, entered on the form in chronological order.

Defendants' objections are sustained with respect to documents concerning the May 31, 2006 segregation. Documentation of Plaintiff's May 31, 2006 segregation is not relevant to Plaintiff's claims in this action. This action arises from Plaintiff's allegations that Defendants retained him in Ad-Seg at SATF from September 2, 2005 to May 11, 2006. Plaintiff admits that his segregation beginning on May 31, 2006 is the subject of another lawsuit, and he not shown how tying his two cases together will assist in his opposition to the Motion for Summary Judgment. Therefore, discovery of documents concerning Plaintiff's later segregation, beginning on May 31, 2006, are not relevant to oppose Defendants' Motion for Summary Judgment in this action. The Court shall not compel Defendants to produce documents that are not relevant.

With respect to the Administrative Segregation Log for Plaintiff's segregation from September 2, 2005 to May 11, 2006, Plaintiff is entitled to such documentation if it exists. Defendants' argument that Plaintiff has all of the documentation he needs overlooks the possibility that other documentation of the September 2, 2005 segregation may contain information relevant to support Plaintiff's argument, in opposition to the Motion for Summary Judgment, that his prolonged segregation did not reasonably advance a legitimate correctional goal.

Defendants responded to Plaintiff's Request 5 of the First Request for Production of Documents that "after a diligent search, Responding Parties do not have possession custody or control of documents responsive to this request." (Pltf's Motion, Doc. 203 at 145 (Exh. 10.)) The Court finds it unlikely that after a diligent search, Defendants were unable to locate any documents in response to Plaintiff's request for "[a]ll documents that evidence, mention, or refer to plaintiff's conduct or disciplinary history, at the California Substance Abuse Treatment Facility or at any other prison, including but not limited to plaintiff's placement in any administrative segregation units." (Id. at 131-132 (Exh. 9.)) The Court agrees that Plaintiff's requests are overbroad and often vague. However, Plaintiff clearly requested "the

15

1  complete CDC 114A-1 Forms (Inmate Segregation Profile), also known as 'CDC114 Segregation Log
2  Book' for Plaintiff's segregated period commencing on September 2, 2005 to and including May 11,
3  2006." (Id. at 186-87 (Exh. 15.))  Under Rule 34(a), Plaintiff has the right to request from any party
4  production of documents "which are in the possession, custody or control of the party upon whom the
5  request is served." Fed. R. Civ. P. 34(a)(1).  Although Defendants cannot be compelled to produce an
6  item that is not within their possession, custody, or control, Defendants are advised that "[a] party need
7  not have actual possession of documents to be deemed in control of them." Clark v. Vega Wholesale
8  Inc., 181 F.R.D. 470, 472 (D.Nev. 1998) *quoting* Estate of Young v. Holmes, 134 F.R.D. 291, 294
9  (D.Nev. 1991).  "A party that has a legal right to obtain certain documents is deemed to have control of
10 the documents."  Clark 181 F.R.D. at 472.  Plaintiff correctly notes that Title 15, § 3344(b) of the
11 California Code of Regulations holds that a "separate record will be maintained for each inmate assigned
12 to administrative segregation, . . . compiled on CDC Form 144-A, Detention/Segregation Record . . .
13 [containing] all significant information relating to the inmate during the course of segregation, from
14 reception to release . . . in chronological order." Cal.Code Regs., tit. 15, § 3344(b).

15  Based on the foregoing, Defendants shall be required to provide Plaintiff with a copy of the
16 Detention/Segregation Record kept pursuant to Cal.Code Regs., tit. 15, § 3344(b), for Plaintiff's
17 detention in segregation from September 2, 2005 to May 11, 2006 at SATF, within forty-five days.  No
18 objections are permitted.  If the document contains confidential information, Defendants shall instead
19 submit the document to the Court under seal for *in camera* review, and notify Plaintiff that they have
20 done so, within forty-five days.  If Defendants cannot produce a copy of the document, they must explain
21 in writing why they are unable to do so.

22              **4.     Information Pertaining to Program Status Report of August 26, 2005**

23  Plaintiff requests an order compelling Defendants to produce any documents related to a threat
24 to assault a Correctional Officer, of which C/O A. Davila was notified on August 26, 2005, documented
25 by a Program Status Report (PSR) prepared by defendant Baires on August 26, 2005.  Plaintiff believes
26 the August 26, 2005 PSR may be related to his segregation of September 2, 2005, due to similar dates
27 and descriptions of the incidents.  Both concern a threat of assault on a Correctional Officer by inmates
28 in the Facility D gymnasium, made on August 25 or 26, 2005.

Specifically, Plaintiff requests documentation of interviews conducted on or about August 29, 2005, as ordered by defendant Baires in the PSR, and further responses to his First Request for Admissions to Defendant Baires and First Set of Interrogatories to Defendant M.A. Baires. Plaintiff claims that defendant Baires' prior responses were evasive. Plaintiff claims that information about this threat to a Correctional Officer is necessary to adequately oppose the Motion for Summary Judgment, because C/O A. Davila was defendant C/O Williams' partner, and it was defendant C/O Williams who received confidential information that on August 25, 2005, Plaintiff made threats to kill defendant F. Ramirez. Thus Plaintiff maintains that the facts of the August 26, 2005 threat are closely related to the alleged threat that placed Plaintiff in segregation on September 2, 2005.

Defendants argue that Plaintiff already has in his possession the relevant documents pertaining to his Ad-Seg placement on September 2, 2005, and Plaintiff fails to explain how evidence of a prior threat is necessary to adequately oppose Defendants' Motion for Summary Judgment. Defendants provide a list of twenty documents related to Plaintiff's segregation which are in Plaintiff's possession. (Opp'n, Doc. 207 at 4-5, ¶3.) Defendants also argue that the information requested by Plaintiff is confidential.

This case arises from Plaintiff claims that he was placed in Ad-Seg on September 2, 2005, based on a false RVR. Defendants argue that Plaintiff was placed in Ad-Seg after defendant Williams received evidence on September 2, 2005 of a possible threat made by Plaintiff against defendant F. Ramirez. Plaintiff has not demonstrated how evidence of a prior threat, even if related to the threat that led to his placement in Ad-Seg, will assist him in defending against the Motion for Summary Judgment.

Therefore, Defendants shall not be required to provide further responses to Plaintiff's discovery requests concerning the PSR of August 26, 2005.

**IV.   CONCLUSION**

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion to compel, filed March 1, 2011, is GRANTED IN PART;
2. Within forty five (45) days of the date of service of this order, defendant C/O F. Ramirez shall provide a written response to Plaintiff's Interrogatories, Set One, No. 9, as instructed by this order;

3. Within forty five (45) days of the date of service of this order, Defendants shall provide copies of the Detention/Segregation Record kept pursuant to Cal. Code Regs., tit. 15, § 3344(b), for Plaintiff's detention in segregation from September 2, 2005 to May 11, 2006, as instructed by this order;

4. Defendants' failure to comply with this order may result in the imposition of sanctions deemed appropriate by this Court; and

5. Discovery in this action is now closed, except for the limited purpose of resolving Plaintiff's motion to compel as instructed by this order.

IT IS SO ORDERED.

Dated: **August 30, 2011**      **/s/ Gary S. Austin**
                         UNITED STATES MAGISTRATE JUDGE