1

2

3

4

5

6

7          IN THE UNITED STATES DISTRICT COURT FOR THE

8                  EASTERN DISTRICT OF CALIFORNIA

9

10   ALEX LAMOTA MARTI,                    1:07-cv-00066-LJO-GSA-PC

11                                         ORDER DENYING PLAINTIFF'S MOTION
              Plaintiff,                   TO STRIKE DEPOSITION, AND DENYING
12                                         PLAINTIFF'S MOTION FOR STAY
          vs.                              (Doc. 210.)
13
     F. PADILLA, et al.,                   ORDER FOR DEFENDANTS TO SERVE
14                                         PLAINTIFF WITH COPY OF DEPOSITION
                                           TRANSCRIPT WITHIN TWENTY DAYS
15            Defendants.                  (Doc. 175.)

16                                         ORDER FOR PLAINTIFF TO FILE
                                           DECLARATION WITHIN FORTY-FIVE
17                                         DAYS, AS INSTRUCTED BY THIS ORDER

18                                         ORDER FOR DEFENDANTS TO NOTIFY
                                           COURT WITHIN THIRTY DAYS IF
19                                         SETTLEMENT CONFERENCE WOULD BE
                                           BENEFICIAL
20   _____/

21   **I.      BACKGROUND**

22          Alex Marti ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action

23   pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on January

24   12, 2007.  (Doc. 1.)  This action now proceeds on the Amended Complaint filed by Plaintiff on

25   July 9, 2007, against twenty-two defendants ("Defendants"), on Plaintiff's claims for retaliation

26   in violation of the First Amendment.  (Doc. 20.)

27

28                                         1

On July 29, 2010, Defendants filed a motion for summary judgment and lodged Plaintiff's deposition transcript with the Court.  (Docs. 173, 175.)  On June 14, 2011, Plaintiff filed a motion to strike the deposition from the record.  (Doc. 210.)  On January 12, 2012, Defendants filed a response.  (Doc. 235.)  On January 25, 2012, Plaintiff filed a reply.  (Doc. 237.)

Plaintiff's motion to strike is now before the Court.

## II.     MOTION TO STRIKE

"The district court is given broad discretion in supervising the pretrial phase of litigation." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607 (9th Cir.1992) (citation and internal quotation marks omitted).  Plaintiff brings a motion to strike his deposition from the record, on the ground that Defendants failed to comply with Rule 30(e) of the Federal Rules of Civil Procedure, which provides:

> **(1)** *Review; Statement of Changes.*  On request by the deponent or a party before the deposition is completed, the deponent must be allowed 30 days after being notified by the officer that the transcript or recording is available in which:
>
> **(A)** to review the transcript or recording; and
>
> **(B)** if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them.
>
> **(2)** *Changes Indicated in the Officer's Certificate.*  The officer must note in the certificate prescribed by Rule 30(f)(1) whether a review was requested and, if so, must attach any changes the deponent makes during the 30-day period.

Plaintiff asserts that Defendants did not afford him the opportunity to review his deposition transcript for the purpose of noticing changes.  Plaintiff claims that on November 9, 2009, the date of the deposition, he made a request to Defendants' counsel "to review the transcript for the purpose of noticing changes in form or substance and to sign a statement listing the changes and the reasons for making them."  (Motion, Doc. 210 at 2.)  Plaintiff claims

2

that he was never afforded the opportunity to review the transcript, nor given a copy of the transcript. Plaintiff asserts that he was only provided with selected pages of the transcript submitted by Defendants as evidence in support of their motion for summary judgment.

In response, Defendants assert that they have no record of Plaintiff having made a timely request under Rule 30(e) to review the deposition transcript. Defendants propose that the Court enter an order directing that a copy of the transcript be provided for Plaintiff's review, after which Plaintiff may provide a written statement identifying any requested changes to the transcript and his reasons for making them.

Plaintiff rejects Defendants' proposal. Plaintiff argues that his recollection of the deposition is not fresh, and he would be prejudiced by being forced to review the transcript at this late date. Plaintiff argues that the deposition should be stricken because Defendants failed to comply with Rule 30(e). Plaintiff proposes that after the deposition is stricken, the Court should impose a stay on this action, including Defendants' motion for summary judgment, and initiate a settlement conference to enable the parties to dispose of this action.

### ***Discussion***

Plaintiff's unverified assertions, that he made a request to Defendants' counsel on November 9, 2009 to review his deposition transcript, and that Defendants failed to respond to his request, are not sufficient evidence to support his argument that Defendants failed to comply with Rule 30(e). Plaintiff offers only a conclusory statement that he made a request "to review the transcript for the purpose of noticing changes in form or substance and to sign a statement listing the changes and the reasons for making them." (Motion, Doc. 210, at 2.) Defendants have no record of such a request by Plaintiff, and Plaintiff fails to offer any explanation why he waited more than two years to raise this objection. Moreover, Plaintiff has not made any indication that he objects to the selected deposition excerpts offered as evidence in support of Defendants' pending motion for summary judgment. Based on these facts, the Court finds no good cause to strike the deposition from the record.

1      Plaintiff shall be granted an opportunity to review the deposition transcript.  Within

2  twenty days, Defendants shall serve Plaintiff with a copy of the deposition transcript which was

3  lodged on July 30, 2010.  Within forty-five days of the date of service of this order,  Plaintiff

4  shall file a declaration signed under penalty of perjury, listing changes to the deposition and his

5  reasons for the changes, or indicating that no changes are needed.  In light of the fact that

6  Plaintiff waited more than two years to bring this issue before the Court, with no evidence that

7  he attempted to find resolution earlier with Defendants, the Court finds no prejudice to Plaintiff

8  in requiring him to review the transcript at this late date.

9      With regard to Plaintiff's request for a settlement conference,[1] Defendants shall notify

10  the Court within thirty days whether they believe, in good faith, that settlement in this case is a

11  possibility and whether they are interested in having a settlement conference scheduled by the

12  Court.[2]  With regard to Plaintiff's request for a stay of this action, the Court finds no good cause

13  to impose a stay at this stage of the proceedings.

14  **III.**    **CONCLUSION**

15      Based on the foregoing, IT IS HEREBY ORDERED that:

16      1.    Plaintiff's motion to strike his deposition from the record is DENIED;

17      2.    Plaintiff's motion to stay this action is DENIED;

18      3.    Within twenty days of the date of service of this order, Defendants shall serve

19              Plaintiff with a copy of the deposition transcript lodged on July 30, 2010, and

20              Defendants shall file proof of service with the Court;

21  ///

22  ///

23

24

25  [1]Plaintiff requests settlement proceedings to resolve this action and to resolve another of Plaintiff's pending actions, case 1:08-cv-00653-AWI-SKO-PC; Marti v. Baires, et al.  Plaintiff is advised that any request for settlement proceedings to resolve his other action must be made by separate request filed in the other action.

26

27  [2]The parties may wish to discuss the issue by telephone in determining whether they believe settlement is feasible.

28                                    4

4.   Within forty-five days of service of this order, Plaintiff shall file a declaration signed under penalty of perjury, listing changes to the deposition transcript and his reasons for the changes, or indicating that no changes are needed;

5.   Within thirty days of the date of service of this order, Defendants shall notify the Court in writing whether they believe, in good faith, that settlement in this case is a possibility and whether they are interested in having a settlement conference scheduled by the Court; and

6.   Extensions of time shall not be granted without a showing of good cause.


IT IS SO ORDERED.

**Dated:**   **February 7, 2012**                         /s/ **Gary S. Austin**
                                                        UNITED STATES MAGISTRATE JUDGE