IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEX LAMOTA MARTI, | 1:07-cv-00066-LJO-GSA-PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTIONS FOR SANCTIONS |
| vs. | (Docs. 219, 225.) |
| F. PADILLA, et al., | |
| Defendants. | |

Alex Lamota Marti ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On October 20, 2011 and December 6, 2011, Plaintiff filed motions for the imposition of sanctions upon Defendants for their failure to timely comply with the court's order of August 31, 2011, which granted in part Plaintiff's motion to compel and required Defendants to serve discovery responses upon Plaintiff. (Docs. 219, 225.)

I.   **RULE 37 - SANCTIONS**

Rule 37(b)(2) of the Federal Rules of Civil Procedure provides that if a party fails to obey an order to provide or permit discovery, the court may issue further just orders, which may include the imposition of sanctions upon the disobedient party, including dismissal of the action or proceeding in whole or in part. Fed. R. Civ. P. 37(b)(2)(A). "[T]he court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused

1

by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

## II. PLAINTIFF'S FIRST MOTION FOR SANCTIONS

In Plaintiff's first motion for sanctions, filed on October 20, 2012, Plaintiff argues that the court should impose sanctions on Defendants because they failed to serve discovery responses on Plaintiff within the forty-five-day deadline established by the court's order of August 31, 2011. Plaintiff requests sanctions including default judgment and the denial of Defendants' pending motion for summary judgment. Plaintiff asserts that the deadline established by the court expired, and Plaintiff had not been served with any discovery responses by the Defendants as required by the court's order.

**Discussion**

Plaintiff's first motion for sanctions is moot because Defendants were granted an extension of time in which to serve the discovery responses. On November 4, 2011, the court entered an order which excused Defendants from serving the discovery responses until November 23, 2011. (Doc. 222.) Therefore, Plaintiff's first motion for sanctions, filed on October 20, 2012, is moot and shall be denied.

## III. PLAINTIFF'S SECOND MOTION FOR SANCTIONS

On December 6, 2011, Plaintiff filed a second motion for sanctions. (Doc. 225.) Defendants filed an opposition to the motion on December 23, 2011, and Plaintiff filed a reply to the opposition on January 9, 2012. (Docs. 227, 229.)

In the second motion for sanctions, Plaintiff argues that the court should impose sanctions on Defendants because they failed to serve discovery responses on Plaintiff within the deadline of November 23, 2011 established by the court's order of November 4, 2011. Plaintiff requests sanctions including default judgment and the denial of Defendants' pending motion for summary judgment. Plaintiff asserts that as of December 4, 2011, he had not received any of the discovery responses which Defendants were required to serve upon Plaintiff by November 23, 2011.

///

In response, Defendants assert that they timely complied with the court's November 4, 2011 order which granted them an extension of time until November 23, 2011 to comply with the court's order of August 31, 2011. Defendants submit evidence that on November 22, 2011, they served Plaintiff with a further response to his interrogatories and copies of Plaintiff's Detention/Segregation Record, as required by the court. (Declaration of John Riches II, Doc. 227 at 3 ¶¶2, 3.) Defendants attached copies of all of the referenced discovery responses as exhibits to their opposition. (Id. at Exh. A.)

In reply, Plaintiff declares under penalty of perjury that he did not receive any of Defendants' discovery responses until he received Defendants' December 23, 2011 opposition to his second motion for sanctions, with the discovery responses attached as exhibits. (Declaration of Alex L. Marti, Doc. 229 at 6 ¶7.) Plaintiff also submits a copy of the prison's incoming mail record from May 24, 2011 until December 22, 2011, as evidence that there is no record that he received any mail from Defendants during the relevant time period. (Id. at Exh. A.)

**Discussion**

Defendants' evidence demonstrates that on November 22, 2011, they served the required discovery responses on Plaintiff by mail, and Plaintiff's evidence shows that he did not timely receive the responses from Defendants. In this instance, the court finds no cause to doubt the credibility of either party. Thus, it appears most likely that the mail from Defendants to Plaintiff was misdelivered, through no fault of Defendants, and never arrived at its destination. Under these facts, the court cannot find that Defendants failed to obey the court's order requiring them to serve discovery responses upon Plaintiff by November 23, 2011. Plaintiff acknowledges that he is now in receipt of the discovery responses, albeit later than expected, and the court finds no prejudice to Plaintiff caused by the delay. Therefore, Plaintiff is not entitled to sanctions, and Plaintiff's second motion for sanctions shall be denied.

///
///
///

**IV. CONCLUSION**

In light of the foregoing, IT IS HEREBY ORDERED that Plaintiff's motions for sanctions, filed on October 20, 2011 and December 6, 2011, are DENIED.

IT IS SO ORDERED.

Dated:   **March 20, 2012**          **/s/ Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE